# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DAVID RUGGIRELLO,**

    **Plaintiff,**

                                                    Case No. 07-11020

v.

                                                    HONORABLE DENISE PAGE HOOD

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Charles E. Binders's Report and Recommendation ("Report") [Dkt. #13, filed November 19, 2007]. The Report recommends that Defendant's Motion for Summary Judgment [Dkt. #10, filed July 3, 2007] be GRANTED and that Plaintiff's Motion for Summary Judgment [Dkt. #9, filed June 11, 2007] be DENIED. Plaintiff filed an Objection to the Report. Defendant filed a Response to the Objection, concurrently with an Ex Parte Motion for Leave to File a Response [Dkt. #15, filed December 12, 2007].

Plaintiff David Ruggirello brings this action under 42 U.S.C. § 405(g), challenging a final decision of Defendant Commissioner denying his application for Disability Insurance Benefits. On December 21, 2004, Defendant initially denied Plaintiff's application, which alleged onset date of June 1, 2002. On June 26, 2006, Plaintiff appeared before an Administrative Law Judge ("ALJ") to challenge the denial of his application. The ALJ affirmed the denial of Plaintiff's application, finding that he could perform a limited range of sedentary work. (Report, at 9.) The Appeals

Council affirmed this decision. (R. 25.) On judicial review, Magistrate Judge Binder concluded that "substantial evidence support[ed] the ALJ's decision" and affirmed it. (Report, at 12.)

## II. LAW & ANALYSIS

In his Objection, Plaintiff challenges the finding that substantial evidence supports the ALJ's decision. Plaintiff raises two main arguments to bolster his challenge. First, he argues that his "ability to work for five hours, three days a week" does not demonstrate that he has the ability to work. (Objection, at 2.) To support this proposition, he cites several cases, including Social Security Ruling 96-8p, 61 FR 34474 (July 2, 1996), *Rogers v. Commissioner*, 486 F.3d 234 (6th Cir. 2007), and *Stennett v. Commissioner*, 476 F. Supp. 2d 665 (E.D. Mich. 2007). Second, Plaintiff argues that the ALJ erred in discounting Plaintiff's credibility.

Substantial evidence is defined as "more than a scintilla . . . but less than a preponderance." *Rogers*, 486 F.3d at 241. It is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* The decision of the ALJ, if supported by substantial evidence, is not reversible "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

Plaintiff's first argument lacks merit because Social Security Ruling 96-8p does not require demonstrative proof that a plaintiff can work for eight hours a day and for five days a week before the ALJ decides that a plaintiff is able to work. Ruling 96-8p, 61 FR at 34475-76. Rather, pursuant to step five of 20 C.F.R. § 404.1520, the ALJ must make an "administrative assessment" of a plaintiff's ability to work using "only [the] limitations and restrictions attributable to medically determinable impairments." *Id.*

Moreover, the facts of this case are distinguishable from those in *Rogers* and *Stennett*. In *Rogers*, the Sixth Circuit reversed the ALJ's denial of benefits because, among other reasons, the ALJ relied heavily on the plaintiff's ability to do housework despite the fact that two of plaintiff's

treating physicians indicated that the plaintiff was unable to work. 486 F.3d at 238-39, 248-49. Similarly in *Stennett*, the court reversed the ALJ's denial of benefits because, among other reasons, the ALJ relied heavily the plaintiff's ability to do daily activities despite the fact that plaintiff's treating physician indicated that the plaintiff was unable to work. 476 F. Supp. 2d at 668, 671-72. Here, none of Plaintiff's physicians indicated that he was unable to work. Although Dr. Anythony Chido, Plaintiff's treating physician, noted in Plaintiff's medical records that Plaintiff could work for five hours, and that Plaintiff had only worked one or two days per month, Dr. Chido's comments were observations – not restrictions. (*See* R. 152.) The ALJ's decision that Plaintiff can work is supported by substantial evidence.

Plaintiff's second argument also lacks merit. Here, substantial evidence supports the finding that Plaintiff's subjective allegations of pain and disability were not fully credible. The record indicates that Plaintiff could work five hours a day and three days a week just several months after his alleged onset date and that his condition was improving. (R. 152, 154.) The record also indicates that Plaintiff was able to participate in a host of daily activities, including watching television for up to five hours a day and traveling in a car for approximately nine hours.[1] (R. 281, 285-86.) More importantly, the record indicates that Plaintiff did not stop working as a result of his alleged disabilities. Rather, the record indicates that Plaintiff was required to stop working as a condition precedent to receiving a cash settlement from his former employer. (R. 23.)

The Court has had an opportunity to fully review this matter *de novo* pursuant to 28 U.S.C. § 636 and finds that the Magistrate Judge reached the correct conclusions. Additionally, the Court finds that Plaintiff's objections to the Report are without merit. Accordingly, the decision of the

---

[1] Plaintiff testified at the administrative hearing that he had recently taken a long car trip, as a passenger, to Platusky, Michigan. (R. 285-86.) The Court estimates that his drive from Detroit to Platusky would last approximately nine hours.

3

ALJ must be affirmed. In reaching this conclusion, the Court did not rely on Defendant's Response to Plaintiff's Objection. Defendant's Ex Parte Motion is therefore moot.

### III. CONCLUSIONS

Accordingly,

IT IS ORDERED that the Report and Recommendation [Dkt. #13, filed September 19, 2007] of Magistrate Judge Charles E. Binder is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [Dkt. #10, filed July 3, 2007] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [Dkt. #9, filed June 11, 2007] is DENIED.

IT IS FURTHER ORDERED that Defendant's Ex Parte Motion for Leave to File a Response [Dkt. #15, filed December 12, 2007] is DISMISSED AS MOOT.

        s/ DENISE PAGE HOOD
        DENISE PAGE HOOD
        United States District Judge

DATED: January 9, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 9, 2008, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager